<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 24, 2021

Boris Rubizhevsky
1512 Palisade Ave #15H
Fort Lee, NJ 07024
*Pro Se Defendant*

Marc K. Armas
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

  **Re:** **United States v. Boris Rubizhevsky**
     **Crim. No. 21-135 (SDW)**

Litigants:

  Before this Court is Defendant Boris Rubizhevsky's ("Defendant") Motion Requesting Early Termination of Supervised Release. (D.E. 4.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion.

### <u>DISCUSSION</u>

A.

  On June 15, 2015, in the United States District Court for the District of Maryland, Defendant pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and on November 14, 2017, was sentenced to twelve months and one day imprisonment, to be followed by three years of supervised release. (*See* District of Maryland Presentence Investigation Report ("D.Md. PSR") ¶¶ 1-3; *United States v. Rubizhevsky*, Crim. No. 15-00332 (D.Md.) D.E. 86 (the "D.Md. Judgment").) On January 3, 2018, in the United States District Court for the Eastern District of New York, Defendant pled guilty to Count 1 of a Superseding Indictment for conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, and on September 7,

2018 was sentenced to thirty-six months' imprisonment, followed by three years of supervised release, to run concurrently with Defendant's sentence in the District of Maryland. (*See* Eastern District of New York Presentence Investigation Report ("E.D.N.Y. PSR") ¶ 3; *United States v. Rubizhevsky,* Crim No. 17-00339 (E.D.N.Y.) D.E. 133 (the "E.D.N.Y. Judgment").) On October 5, 2020, Defendant began his term of supervision. (Elisa Martinez, Nov. 8, 2021, United States Probation Office Letter ("Probation Letter") at 1.)

On January 19, 2021, jurisdiction over Defendant's supervised release was transferred from the Eastern District of New York to the District of New Jersey. (D.E. 1.) On October 7, 2021, Defendant filed a letter requesting early termination of supervised release based on his continued commitment to being a law-abiding and contributing member of society. (D.E. 4.) On November 5, 2021, the Government opposed, arguing that Defendant failed to meet his burden to provide justification for early termination of supervised release (*See* Marc J. Armas, Nov. 5, 2021 Letter ("Government Letter") at 3, 5.) On November 8, 2021, the Probation Office for the District of New Jersey filed a response, noting that Defendant has generally been compliant with the conditions of his supervised release. (Probation Letter at 2.)

B.

Pursuant to 18 U.S.C. § 3583(e), a defendant may request early termination of a term of supervised release. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). In order to be eligible for early release, the defendant must first satisfy the following minimum statutory factors:

> (1) The person does not meet the criteria of a career drug offender or career criminal as described in 28 U.S.C. § 994(h) or has not committed a sex offense or engaged in terrorism; (2) The person presents no identified risk of harm to the public or victims; (3) The person is free from any court-reported violations over a 12-month period; (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) The person is in substantial compliance with all conditions of supervision; and (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 360.20(c).

If the defendant meets these minimum statutory factors, a district court must next consider the Section 3553 sentencing factors, which include:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)). However, the court need not "make specific findings of fact with respect to each of these factors." *Melvin*, 978 F.3d at 52-53. Instead, "a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 53 (internal quotation marks and citation omitted). Once the court has considered the Section 3553 factors, it may grant early termination if it finds that such relief is "warranted by the defendant's conduct and is in the interest of justice." *Id*. at 52 (citing 18 U.S.C. § 3583(e)(1)). Additionally, under 18 U.S.C. § 3583(e)(1), a defendant must have served at least one year of the supervised-release term for the court to grant the requested relief.

C.

While Defendant has satisfied the minimum statutory requirements for his request for early termination of supervision, Defendant fails to meet his burden of offering this Court any justification for terminating his supervision early. [1] *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). On March 17, 2020, Defendant was released from the Federal Bureau of Prison's ("BOP") Custody under the Elderly Home Confinement program and was later placed on a low-intensity supervision docket on February 2, 2021. (D.E. 4 at 1.) The low-intensity supervision docket requires Defendant to submit supervision reports and pay monthly restitution. (*Id*.) Given the low burden of complying with the terms of his supervised release, the interests of justice do not support waiving the remaining term of oversight. Although this Court commends Defendant for his commitment to rehabilitation, (*see* D.E. 1 at 1 (noting that Defendant lacked any infractions with the BOP or Probation Office; he had no record of violence or drug use; he is making amends with his family; and he volunteers with a NJ non-profit organization whose mission is to "help advance successful re-entry and sustainable financial independence for justice-involved individuals through improved access to financial education.")), those efforts do not justify termination of his low-burden supervised release.

In addition, this Court finds that the Section 3553 sentencing factors do not support early termination of Defendant's supervised release. Although Defendant's offenses were non-violent, he committed multiple serious financial crimes, defrauding investors and depriving a power company of money and property. (*See generally* D.Md. PSR; E.D.N.Y. PSR.) Indeed, the seriousness of Defendant's crimes warranted sentencing enhancements to his sentence in the District of Maryland. (*See* D.Md. PSR ¶¶ 27-28.) In addition, Defendant has only served thirteen months of his three-year term of supervised release. Finally, granting early termination would create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(5); *Kimbrough v. United States*, 552 U.S.

---

[1] For both offenses, Defendant was ordered to abide by special conditions of Financial Disclosure, and to refrain from incurring any new debt or credit. (*See generally* D.Md. Judgement; E.D.N.Y. Judgment.) Defendant violated those conditions by opening two credit accounts when he traded his vehicle for another without the approval of the U.S. Probation Office, and opened an account to pay for a dental procedure via a monthly plan because he did not have enough money to pay in full. (Probation Letter at 2.) Defendant apologized and was verbally reprimanded for these actions. (*Id*.) Despite these infractions, the Probation Office considers Defendant to be in substantial compliance with the terms of his supervised release. (*Id*.) As a result, this Court will not consider those events as violation of the minimum statutory requirements.

85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"); *see also United States v. Machli Joseph*, Crim No. 21-00334 2021 WL 4077548 at *1; *3 (D.N.J. Sep. 8, 2021) (determining granting early termination would create an unwarranted sentence disparity among other defendants who have similarly been found guilty of conduct similar to misappropriating federal funds.). Therefore, this Court will deny Defendant's motion for early termination of supervised release.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion Requesting Early Termination of Supervised Release is **DENIED**. An appropriate order follows.

                                            ___/s/ Susan D. Wigenton_____
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties